UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICK CHRISTIAN,

        Plaintiff,

v.

GIANT FOOD STORES,

        Defendant.

Civil Action No. 20-2880 (JMC)

## MEMORANDUM OPINION

This matter is before the Court on Defendant Giant Food Stores' Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss. ECF 7. For the reasons discussed below, the Court **GRANTS** the motion.

### I. BACKGROUND

Defendant Giant Food Stores (Giant) operates supermarkets in Washington, D.C. ECF 1 ¶ 1. Plaintiff Patrick Christian alleges that he had been a Giant customer for over a year at the time that he initiated this action and purchased water, soda, cereal, cookies, and other "bakery and bistro" items from the store. *Id.* ¶¶ 3-4. He claims that these purchases "cause[d] [him] to have a sore throat, flu-like symptoms, blurred vision, and/or other unnamed discomforts." *Id.* ¶ at 3. He also alleges that he suffered "organ damage." *Id.* ¶ 19. Further, Christian claims that prolonged use of Giant's products will cause "terminal illness, blindness, and/or other illness(es)." *Id.* ¶¶ 5-6.

Christian alleges that "after reasonable consideration," he "realize[d]" that Giant was adding some "hazardous substance" to its products. *Id.* ¶¶ 4, 7. He filed a four-count complaint as a result. Christian accuses Giant of "[m]alicious [a]dulteration," presumably for adding the (unspecified) substance to its grocery items (Count I). *Id.* ¶¶ 4-7. Other counts seem to sound in

1

negligence and allege that Giant "negligently failed to warn" consumers about its products (Count II), *id.* ¶ 9, and "impliedly promised" or "authenticated" that its products are safe when Christian alleges that they are not (Counts IV and V), *id.* ¶¶ 13-14, 16-17. Christian also identifies a host of federal and state statutes that relate to food or product safety that he contends Giant violated (Count III). *Id.* ¶ 11.[1]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not include much detail, but it has to offer something more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to withstand dismissal. *Twombly*, 550 U.S. at 555.

The Court understands that Christian is pro se, and thus the Court must hold his complaint to a less stringent standard than it would an attorney-drafted pleading. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even so, his complaint must still "plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Atherton v. D.C. Off. of Mayor*,

---

[1] The statutes that Christian identifies in Count III include: D.C. Code Ann. §§ 48-102-48-110 (adulteration provisions of the District's code governing food); D.C. Code Ann. § 48-201 (repealed 2002); 15 U.S.C. §§ 2051-2089 (governing uniform safety standards for consumer products); 15 U.S.C. §§ 1471-1477 (regarding special packaging of household substances to protect children); 21 U.S.C. § 301 (Federal Food, Drug, and Cosmetics Act); 21 U.S.C. §§ 601-626 (relating to inspection of meat); Md. Code Ann., Health-Gen. §§ 21-207-21-215 (Maryland Food, Drug & Cosmetics Act); 35 Pa. Cons. Stat. § 780-107 (relating to the adulteration of drugs, devices, or cosmetics); 3 Pa. Stat. and Cons. Stat. Ann. § 5728 (governing adulteration of food).

567 F.3d 672, 681-82 (D.C. Cir. 2009) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678-79). Pro se or not, the Court is not required to accept Christian's inferences if such inferences are not supported by the facts alleged. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### III.   ANALYSIS

Christian's complaint is dismissed. The statutes that he claims Giant violated either provide no private right of action, i.e., 21 U.S.C. § 301, D.C. Code Ann. §§ 48-102-48-110; have nothing to do with his allegations, i.e., 15 U.S.C. §§ 2051-2089, 15 U.S.C. §§ 1471-1477, 21 U.S.C. §§ 601-626; are repealed, D.C. Code Ann. § 48-201; or are out-of-jurisdiction state laws that would not govern this case, i.e., Md. Code Ann., Health-Gen. §§ 21-207-21-215; 35 Pa. Cons. Stat. § 780-107; 3 Pa. Stat. and Cons. Stat. Ann. § 5728.

Even reading Christian's complaint broadly as alleging general negligence or other tort claims, and construing those claims as liberally as possible because he is pro se, his allegations are still too conclusory to proceed. Nothing in the complaint supports Christian's conclusion that Giant is poisoning its customers, tampering with its products, or acting negligently. And he proffers no facts to support his "realiz[ation]," ECF 1 ¶ 4, that any Giant conduct caused his claimed injuries, which he must do to go forward. *See, e.g.*, *Briscoe v. United States*, 268 F. Supp. 3d 1, 15-16 (D.D.C. 2017) (dismissing plaintiffs' negligence claim for their failure plausibly to allege that any breach of duty proximately caused their alleged injuries); *see also, e.g.*, *Rollins v. Wackenhut Servs.*, 802 F. Supp. 2d 111, 124 (D.D.C. 2011) (dismissing a complaint's products-liability and failure-to-warn claims as "vague and conclusory" where the complaint stated, without additional factual support, that defendants sold a "product in a defective condition [that is] unreasonably dangerous to users and consumers . . ." (alterations in original) (citations omitted)). He does not

even allege when he consumed these items, any facts to support his belief that Giant's products made him sick, or how he made the leap to conclude that these products cause "organ damage" and other serious injuries. The allegations that he does include in his complaint are so deficient that they are implausible on their face. Thus, dismissal is appropriate.

Christian does not dispute that his factual allegations are sparse, but he claims that he needs to litigate the case to prove his suspicions. ECF 9 at 3, 8. That is not how litigation works. Christian's vague, conclusory, and implausible allegations do not trigger any entitlement to discovery.

### III. CONCLUSION

Because Christian's complaint fails to state a claim upon which relief can be granted, the Court **GRANTS** Giant's motion to dismiss. A separate order accompanies this opinion.

DATE: February 28, 2022

					Jia M. Cobb
					U.S. District Court Judge